## SEILER v CINO THEATRE CO et

Ohio Appeals, 1st Dist, Hamilton Co
No 3557. Decided Jan 13, 1930

Pott, Stockmeier, Kruse, Baker & Kops, Cincinnati, for Seiler.

Dolle, O'Donnell & Cash, Cincinnati, for Theatre Co.

James R. Clark, Cincinnati, for Defendant in error Robert Fuerst.

**ROSS, J.**

Upon this state of the record, the trial court instructed a verdict for both defendants. There being no answer filed to the amended petition by the Cino Theater Company, the only duty incumbent upon the trial court was to submit the amount of damage to the jury as far as that defendant was concerned.

"An answer to a petition filed before the filing of an amendment to such petition is not an answer to such amendment to the petition, and only becomes so when adopted as such." **Elec. Ry. v. Express Co., 105 Ohio St., at page 345.**

There is ample evidence to show an obligation of care to the plaintiff upon the part of both the defendants, and there was evidence to go to the jury that this duty had been neglected, and that such neglect proximately caused the injuries complained of.

The trial court found as a matter of law that the plaintiff was guilty of contributory negligence, in that he proceeded along a dark passage-way and stumbled into the hole in the floor of said passage, which the plaintiff testified he had never before seen open or uncovered.

The plaintiff was asked:

"Q. You don't know, and you didn't know at the time, as I understand you, whether or not that hole was opened and left open the day before you had your accident or not?"
To which he answered:

"A. No, I didn't; if I had known I would have been careful; I just figured it was like it always was."

It is without the province of any court, in the face of such evidence, to constitute itself a trier of facts, and, thereupon, determine what was the proximate cause of the injury. In order to reach the same conclusion as the trial court, it would be necessary for this court to determine from the evidence that the plaintiff failed to use the care that a prudent and careful person would have exercised under circumstances similar to those in the instant case, and that failure was the natural and proximate cause of the consequential injuries.

We are cited to a number of decisions of the Supreme Court of this state which it is claimed fix the law in what is commonly called "Step in the Darkness Cases". In none of these do we find any rule of law stated which would be applicable to the facts in the instant case, and until we are cited to a binding authority, fixing, as a matter of law, a standard of care in cases involving circumstances similar to those involved in the case at bar, and finding that the failure to exercise that care is the proximate cause of the injuries involved, we must continue to hold the jury the proper arbiter of such facts.

For the reasons given, the judgment of the court of common pleas must be, and is reversed, and the cause is remanded for a new trial.

Cushing, PJ, and Hamilton, J, concur.